UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WAYNE GORDON                                    CIVIL ACTION

VERSUS                                          NO. 12-2440

ALFRED BROWN, ET AL                             SECTION "C" (4)

ORDER AND REASONS

This matter comes before the Court on motion to dismiss petition filed by the

defendants, The Salvation Army, Alfred Brown, Tameka Golden-Ross, Karen Jackson

and W.D. Owens.   Rec. Doc. 14.   Having considered the record, the memoranda of

counsel and the law, the Court has determined that the motion should be granted for

the following reasons.

The *pro se* plaintiff, Wayne Gordon ("Gordon") filed suit against the defendants

alleging violations under 42 U.S.C. § 1983 relating to free exercise of religion and

speech, denial of due process and equal protection, and "the tort of deliberate

indifference and negligence" for conduct related to being "evicted" as a tenant from The

Salvation Army's Center of Hope shelter for the homeless in New Orleans in December

2011.   Rec. Doc. 1.   In this motion, the defendants seek dismissal under Fed.R.Civ.P.

12(b)(6) because they are not "state actors" for purposes of § 1983, because the plaintiff

has not articulated a recognized Constitutional or federal violation, because the plaintiff

fails to plead with sufficient particularity the alleged involvement of the individual

defendants and because the plaintiff has failed to plead a claim for negligence or

deliberate indifference.  Rec. Doc. 14.  The plaintiff opposes with arguments that include

the argument that because The Salvation Army is a corporation operating in the State of

Louisiana, the State of Louisiana is responsible for it and its employees, along with the

argument that his shelter was not "free" and that his allegations against the individual

defendants and for negligence and deliberate indifference are sufficiently pled.

Rec.Doc. 22 .

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails "to state

a claim upon which relief can be granted." FED.R.CIV.P.12(b)(6). As the Supreme Court

held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009), the pleading standard Rule 8

announces does not require "detailed factual allegations," but it demands more than an

unadorned accusations of harm.  *Id*. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286

(1986)).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

face." *Twombly*, 550 U.S. at 570.  If there are insufficient factual allegations to raise a right

to relief above the speculative level, or if it is apparent from the face of the complaint that

2

there is an insuperable bar to relief, the claim must be dismissed.  *Id.* at 555;  *Jones v. Bock*,

549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

When considering a Rule 12(b)(6) motion, a court must accept all reasonable

inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th

Cir. 2009). However, threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct.

1937, 173 L.Ed.2d 868 (2009), *citing Twombly*, 550 U.S. 544. Although for the purposes of a

motion to dismiss a court must take all of the factual allegations in the complaint as true,

it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In order to state a claim for a violation of Section 1983, the plaintiff must allege a

violation of a right secured by the Constitution or federal law and that it was committed

by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Even

assuming without finding that the plaintiff has adequately pled a constitutional or

federal violation, the showing of state action requires a showing that the deprivation,

here the allegedly discriminatory eviction, is fairly attributable to the State.  *American*

*Mfrs. Mut. Ins. Co. v. Sullivan*, 426 U.S. 40, 51 (1999).  The tests to determine whether a

private actor's conduct can be fairly attributable to the State include the "public

function test," "state compulsion test," "nexus/state action test," and "joint action test."

*Cornish v. Correctional Services Corp.*, 402 F.3d 545, 548 (5th Cir. 2005).

Here, the plaintiff does not allege that The Salvation Army is other than a private, faith-based, non-profit organization that provides shelter to the homeless. The Court finds that the decision to evict the plaintiff and related conduct of the defendants are actions that in no way can be attributed to the State.  This finding is in accord with other decisions that The Salvation Army is not susceptible to suit under Section 1983 or for constitutional claims requiring state action in other contexts. *See Reaves v. Dept. of Veterans Affairs*, 2009 WL 35074 at *3 (E.D.N.Y. 2009)( "The Salvation Army is a private organization and its staff members are not 'state actors'" for purposes of Rule 12(b)(6)); *Williams v. Crawford*, 1988 WL 52198 at *2 (E.D.N.Y. 1988)(dismissal of employee of The Salvation Army appropriate under Rule 12(b)(6) even if The Salvation Army received funds from the State because the "ultimate" conduct could not be attributed to the State); *Vargas v. The Salvation Army*, 649 F.Supp. 763, 768 (N.D.Ill. 1986)(The Salvation Army is subject to dismissal under Rule 12(b)(6) where there are no allegations of a "symbiotic relationship" with the State). *See also Okon v. Appia*, 2008 WL 2245431 at 13-14 (E.D.N.Y.2008); *Lown v. The Salvation Army*, 393 F.Supp.2d 223, 226 (S.D.N.Y.2005); *Morton v. The Salvation Army*, 2005 WL 234003 at **3–4 (S.D.N.Y.).

Here, allowing the plaintiff an opportunity to amend his complaint would be

futile under the facts pled by him.  The Court does not address the merits of the motion

as it pertains to the plaintiff's claims for deliberate indifference and negligence because

the federal claims are being dismissed and diversity jurisdiction has not been

established.

    Accordingly,

    IT IS ORDERED that the motion to dismiss petition filed by the defendants, The

Salvation Army, Alfred Brown, Tameka Golden-Ross, Karen Jackson and W.D. Owens

is GRANTED.   Rec. Doc. 14.  The merits of any state law claim are not addressed due to

a lack of subject matter jurisdiction.

    New  Orleans, Louisiana, this 7th  day of March, 2013.

                                        _____
                                        HELEN G. BERRIGAN
                                        UNITED STATES DISTRICT COURT